[No. 3,486.]

## THE PEOPLE *v.* BEN. GILL.

NEW TRIAL IN CRIMINAL CASE.—The Court will not grant a new trial in a criminal case on the ground that the evidence does not justify the verdict, if the evidence is conflicting.

POSSESSION OF STOLEN PROPERTY.—If the defendant is seen in possession of the stolen property shortly after it was stolen, and does not explain his possession by showing that it was honestly acquired, it is a circumstance tending to show his guilt.

APPEAL from the County Court of Placer County.

The defendant was indicted for stealing four horses, the property of Catherine Campbell, who lived about one mile from Auburn, Placer County. The horses were stolen during the night of the 7th of January, 1869, and the next day the defendant was seen riding one of the horses, accompanied by another man, at Bear River, some twenty miles from where the horses were stolen. The two men had the four stolen horses with them. On the trial the Court charged the jury as follows:

"If the jury believe that the property was stolen and was seen in the possession of the defendant shortly after being stolen, the failure of the defendant to account for such possession, or to show that such possession was honestly obtained, is a circumstance tending to show his guilt, and the accused is bound to explain the possession in order to remove the effect of the possession as a circumstance to be considered in connection with other suspicious facts."

The defendant was convicted, and appealed.

The other facts are stated in the opinion.

*W. H. Bullock*, for Appellant, argued that the instruction was erroneous, because it assumed that other suspicious facts had been proved, and cited *The People* v. *Chambers*, 18 Cal. 382; and *The People* v. *Ah Ki*, 20 Cal. 178.

*The Attorney General* (represented by *G. A. Blanchard*), for Respondent.

By the Court:

The defendant was tried in March, 1872, upon an indictment for grand larceny, alleged to have been committed in Placer County, in January, 1869. The only defense interposed was that of an *alibi*. The defendant was adjudged guilty, and we are asked to reverse the judgment, on the ground that the evidence did not justify the verdict. The evidence was clearly conflicting, and under the settled rules of this Court we cannot interfere.

It is also claimed that the Court misdirected the jury, to the prejudice of the defendant. The instruction complained of is in the exact words made use of by this Court in *People* v. *Ah Ki*, 20 Cal. 178, and was justified, we think, by the testimony which had been introduced by the people. There were circumstances other than the possession of the stolen property, which, if the testimony was believed by the jury, tended to show guilt on the part of the defendant. One of the circumstances was his presence at Auburn the day before the larceny was committed, and another, the fact that he concealed his face when seen by the witness Howser riding one of the horses.

We see no error in any of the instructions, and the judgment must be affirmed.

So ordered.