[No. 20504. In Bank. — July 1, 1889.]

## THE PEOPLE, RESPONDENT, *v.* ROBERT SMITH ET AL., APPELLANTS.

CRIMINAL LAW — MOTION TO SET ASIDE INFORMATION — DISCHARGE ON HABEAS CORPUS. — A motion to set aside an informatión filed after a second preliminary examination, upon the ground that the defendant had theretofore been discharged from arrest by the superior court under a writ of *habeas corpus* for insufficiency of the evidence furnished at the first preliminary examination for the same offense, is properly denied, if it does not appear that the evidence was the same on both examinations.

ID. — BURGLARY — SUFFICIENCY OF EVIDENCE. — The evidence in this case held sufficient to justify a conviction for burglary.

APPEAL from a judgment of the Superior Court of Solano County, and from an order denying a new trial.

The defendants were accused of burglary committed at Vallejo, Solano County, on April 22, 1888, in enter-

ing the store of Joseph Swalbe, with intent to commit larceny. They had undergone two preliminary examinations, and after the first examination, were discharged by the superior court of Solano County, on a writ of *habeas corpus*, for insufficiency of the evidence adduced at that examination. The record does not show what evidence was adduced at either preliminary examination. The evidence adduced at the trial showed that a burglary and larceny had been committed by forcibly entering the store of Joseph Swalbe, in the night-time, and taking away a large assortment of rings and cutlery; that the defendants were found in possession of some jewelry and cutlery in their bedroom, in San Francisco, and had sold two rings in San Francisco, which were identified by Swalbe as his property by certain peculiarities; and that the defendants made different statements to the officer who arrested them as to how the jewelry was obtained, and gave to him false names. The defendants undertook to prove an *alibi*, and themselves testified that they were in San Francisco at the time of the burglary, and that they did not commit the offense charged. But no other person testified to their presence in San Francisco at that time. There was no direct proof that they were then in Vallejo. The evidence showed a previous conviction in Solano County of defendant Smith for burglary, and of defendant Mullen for larceny.

*Charles H. Hubbs*, for Appellants.

*Attorney-General Johnson*, for Respondent.

The COURT.—Information for burglary, and conviction of defendants.

The defendants moved to set aside the information, on the ground that they had once been discharged from arrest for the same offense, based on the same evidence

as was had at the first preliminary examination by the superior court of Solano County.

We find no proof in the record that the evidence was the same on both of the examinations. The basis of the motion is lacking. The court did not err in denying the motion.

The information was sufficient and in accordance with law, and the court did not err in directing judgment to be entered on the verdict.

The evidence is sufficient to support the verdict. On an examination of it, and taking it altogether, we find it of such a character that we cannot reverse on the ground of insufficiency of the evidence.

There is no error in the transcript.

Judgment and orders affirmed.

PATERSON, J., dissenting.—I do not concur. The evidence, in my opinion, is insufficient to support the verdict and judgment.

THORNTON, J.—I dissent on the same grounds as Justice Paterson.