[Crim. No. 151.   Third Appellate District.—July 31, 1911.]

## THE PEOPLE, Respondent, v. THOMAS O'DONNELL, Appellant.

CRIMINAL LAW—BURGLARY—PROOF—POSSESSION OF PROPERTY STOLEN—INCRIMINATING CIRCUMSTANCES—DENIAL—SUPPORT OF VERDICT.—Upon a prosecution for burglary, where the evidence shows that the defendant had been employed near the house burglarized and was familiar therewith, and about two days after he quit employment he was seen going toward the house while the family were engaged in an orchard, and to come therefrom about half an hour later, and that he left a door key and a gold dollar taken from the premises in a saloon in an adjoining town, and when arrested denied that he had been about the premises at the time charged, or had any key or gold dollar in his possession, such denial and the incriminating circumstances were sufficient to support the verdict of conviction.

ID.—EVIDENCE—VOLUNTARY STATEMENT TO DISTRICT ATTORNEY.—The court properly admitted evidence of a voluntary statement made to the district attorney by the defendant.

ID.—PROPER INSTRUCTION AS TO POSSESSION OF STOLEN PROPERTY.—The evidence of the witnesses as to his possession of the gold dollar, under the circumstances proved, was a proper basis for an instruction to the jury that they may consider as a circumstance, if unexplained, tending to prove guilt, the possession of the stolen property by the defendant recently after the alleged commission of the offense, if they find any such property to have been in his possession.

APPEAL from a judgment of the Superior Court of Sutter County, and from an order denying a new trial. H. S. Mahon, Judge.

The facts are stated in the opinion of the court.

Burton J. Wyman, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, Deputy Attorney General, for Respondent.

BURNETT, J.—This case may be disposed of with scant comment. The appellant was convicted of burglary in the second degree, and in the recital of the evidence we may follow substantially the opening statement to the jury made by Mr. Schillig, the district attorney of Sutter county: On the nineteenth day of September, 1910, the residence of one Henry Van Tiger of Yuba City was entered and burglarized. The defendant had been employed on the premises in an almond orchard for ten days or two weeks, and he was familiar with the surroundings and knew that the members of the Van Tiger family were engaged in hulling almonds in the orchard and back of the barn. He quit his employment and was paid off on Saturday evening, the 17th of September, and on the afternoon of the 19th he was seen going toward the Van Tiger residence only a short distance away; about a half hour later he was seen returning. The same afternoon he went into a saloon in Marysville and left with the proprietor some articles, including an ordinary door key, and also exhibited to the latter a gold dollar. Such key and a gold dollar were a part of the property taken from said residence. After his arrest the appellant declared that he had no gold dollar in his possession while he was in that part of the country or at any other time. He also denied that he was in the neighborhood on the 18th or 19th of September, stating that he left Marysville and went to Sacramento on the 17th and remained there until the next Saturday, the 24th. The foregoing circumstances justify, we think, a rational inference that appellant committed the crime charged. (*People* v. *Smith,* 79 Cal. 554, [21 Pac. 952]; *People* v. *Cole,* 141 Cal. 88, [74 Pac. 547].)

We can see no merit in the contention that the court should have sustained the objection made to the evidence of appellant's statement to the district attorney. In the first place,

it was not a confession, and besides, it was clearly shown to have been made freely and voluntarily.

The only other point suggested by appellant is, that by reason of the entire want of evidence as to the possession on his part of any of the stolen property, the court erred in giving the instruction upon that subject. It is to be observed that the court guardedly refrained from invading the province of the jury, advising them that they might consider as a circumstance, if unexplained, tending to prove guilt, the possession of the stolen property by the defendant recently after the alleged commission of the offense, "if you find any such property to have been in his possession." The possession of the gold dollar, under the circumstances narrated by the witnesses, was a sufficient predicate for this instruction. The scarcity of the coin and the denial of its possession by defendant authorized the inference that it was a part of the stolen property.

We find no error in the record, and the judgment and order denying the motion for a new trial are affirmed.

Chipman, P. J., and Hart, J., concurred.