[Crim. No. 915. First Appellate District, Division One.—September 8, 1920.]

## THE PEOPLE, Respondent, v. ERNEST P. CARNES, Appellant.

[1] CRIMINAL LAW—LARCENY—POSSESSION—CIRCUMSTANCE OF GUILT. In a prosecution for larceny, failure of the defendant to satisfactorily account for the possession of the property shortly after the commission of the crime is a circumstance of guilt.

[2] ID.—EVIDENCE—PROOF OF ALIBI.—An alibi is not conclusively established by uncontradicted and unimpeached evidence, since the jury may have disbelieved the testimony, or believed that the witnesses were mistaken.

[3] ID.—IMPROPER QUESTION—APPEAL—UNTIMELY OBJECTION.—A defendant cannot complain on appeal of the asking of an objectionable question of a witness and of the answer thereto, in the absence of a motion to strike out the answer· or of an assignment of misconduct or request for an instruction to disregard.

[4] ID.—INSTRUCTION—DISTINCTION BETWEEN LARCENY AND OBTAINING MONEY UNDER FALSE PRETENSES—ABSENCE OF EVIDENCE.— An instruction in a prosecution for larceny drawing the distinction between such crime and the crime of obtaining property under

---

1. Possession of stolen property as evidence of larceny, note, 12 L. R. A. (N. S.) 199.

Validity of statute making possession of stolen property evidence of guilt, note, L. R. A. 1915C, 734.

2. Burden of proof and sufficiency of evidence of alibi, note, 8 Ann. Cas. 1189.

false pretenses, in the absence of any contention as to the commission of the latter crime, is not prejudicially erroneous.

[5] ID.—PROOF OF GUILT—INSTRUCTION.—An instruction that the accused is presumed to be innocent until the contrary is proven, and in case of a reasonable doubt whether his guilt is satisfactorily shown he is entitled to an acquittal, is not erroneous.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a motion for a new trial. Michael J. Roche, Judge. Affirmed.

The facts are stated in the opinion of the court.

William Sea, Jr., for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

WASTE, P. J.—The defendant was charged by information with the crime of grand larceny, it being alleged that on or about the twenty-fifth day of October, 1919, he took and drove away a Buick automobile belonging to Charles E. Johnson. He was tried, convicted, and sentenced to imprisonment in the state prison. This appeal is from the judgment of conviction and the order denying defendant's motion for a new trial.

The first contention made by the defendant is that the evidence is insufficient to warrant the conviction. Johnson, the complaining witness, left his automobile on a street in San Francisco and when he returned about fifteen minutes later it was gone. It was next located by the police in a private garage in San Bruno, San Mateo County, where it had been stored by the defendant. He had removed the air-pump and certain other parts, painted over the number of the motor, and removed the license plates. The parts that had been removed were found concealed under the sidewalk. It was proved also that the defendant attempted to procure old automobile license plates, failing in which he tried to borrow plates from a dealer. When arrested, he gave contradictory statements as to how he came into possession of the automobile, first claiming that his wife purchased it, thereafter maintaining that he bought

it on the installment plan from a man by the name of Miller. He was unable to give the whereabouts of Miller and the latter was not produced at the trial, although a notary public testified that one Albert E. Miller, whom he personally knew, signed a bill of sale to the defendant and wife for a Buick automobile, in his presence.

[1] The question as to the sufficiency of the evidence was one resting entirely with the jury for its determination. If the jury believed that the property was stolen, and, as was proved, it was found in the possession of the defendant shortly thereafter, and the defendant failed to account for its possession or to show that such possession was honestly obtained, to the satisfaction of the jury, that was a circumstance tending to show the defendant's guilt. The burden rested upon the accused to explain his possession of the automobile, and that was a fact to be considered with other suspicious facts in the case. (*People* v. *Kelly,* 28 Cal. 424, 426; *People* v. *Gill,* 45 Cal. 285, 286; *People* v. *Warren,* 130 Cal. 683, 685, [63 Pac. 86].)

[2] The defendant attempted to establish an alibi as a part of his defense. He contends that the evidence on this point was uncontradicted and not impeached. The jurors may have disbelieved the testimony tending to prove the alibi, or may have believed, either that the defendant's witnesses were mistaken as to the day and hour they attended the theater, or that the witnesses for the prosecution were mistaken in the exact time at which the automobile was stolen. (*People* v. *Gill, supra; People* v. *Sears,* 119 Cal. 267, 270, [51 Pac. 325]; *People* v. *Shehadey,* 12 Cal. App. 648, 657, [108 Pac. 146].)

[3] During his cross-examination of a witness for the defense, the prosecuting attorney, after ascertaining how long the witness had known the defendant, asked, "Did you know that he was living at the Hamlin with a woman not his wife?" The witness answered, "I did not." An objection by the defendant was promptly sustained. The subject was not thereafter alluded to. No motion was made to strike out the answer, no exception was noted, and no assignment of misconduct was made by the defendant, nor did he request that the jury be instructed to disregard the incident. It is now too late to complain that the question might have had an improper influence upon the jury. (*People* v.

*Shears,* 133 Cal. 154, 159, [65 Pac. 295]; *People* v. *Amer,* 8 Cal. App. 137, 143, [96 Pac. 401]; *Estate of Hess,* 183 Cal. 589, [192 Pac. 35].)

The action of the trial court in directing the defendant to proceed with his case, pending the arrival of the witness Sime, did not amount to misconduct. Furthermore, the witness appeared in due time, and testified.

[4] In its charge, the court instructed the jury as follows: "Larceny, ladies and gentlemen, is the felonious stealing, taking, or carrying away the personal property of another. *And where by means of fraud, conspiracy, or artifice, possession of the property is obtained with felonious intent, and the title still remains in the owner, larceny is established;* while the crime is false pretenses, if the title, as well as the possession, is absolutely parted with, and where the property feloniously taken is of a value exceeding fifty dollars, the offense is grand larceny." Objection is made by the defendant to the portion italicized. It was unnecessary to draw the distinction in the instant case between grand larceny and obtaining property under false pretenses. As the prosecution did not contend that the automobile had been obtained by means of fraud, conspiracy, or artifice, but relied upon the theory that it had been stolen, and that its value exceeded fifty dollars, there was no occasion for including in the instruction the part objected to. But we are unable to perceive in what manner the defendant was prejudicially injured by the giving of the immaterial explanation by the court of certain other circumstances under which the crime of larceny might be established. [5] It was not error for the court to instruct the jury that "The accused, under our system, is presumed to be innocent until the contrary is proven, and in case of a reasonable doubt whether his guilt is *satisfactorily* shown, he [defendant] is entitled to an acquittal. . . . If you are *satisfied* beyond all reasonable doubt that the defendant here is guilty of the crime charged against him in the information, that is, grand larceny, you will so declare by your verdict; and, on the other hand, if you are not so *satisfied* you should return a verdict finding him not guilty." The instruction was the full equivalent of making it incumbent on the prosecution to establish the guilt of the defendant beyond a reasonable doubt. (*People* v. *Wells,* 145 Cal. 138, 142, [78 Pac. 470]; *People* v. *Miller,* 171 Cal. 649, 652,

[154 Pac. 468].). The term "reasonable doubt" was correctly defined in the charge, and the jury was properly instructed on the doctrine of the presumption of innocence.

The redirect examination of the defendant as to the manner in which he was dressed on the day when it was alleged the bill of sale was executed by Miller was on an immaterial subject.

The order denying defendant's motion for a new trial and the judgment are, and each is, affirmed.

Beasly, J., *pro tem.*, and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 4, 1920.

All the Justices concurred, except Sloane, J., who was absent.