[Crim. No. 1310.   First Appellate District. Division Two.—August 21, 1926.]

THE PEOPLE, Respondent, v. AL LAWLER, Appellant.

[1] CRIMINAL LAW—ASSAULT WITH INTENT TO RAPE—INHERENT IMPROBABILITY OF TESTIMONY — VERDICT — APPEAL.—In this prosecution for assault with intent to commit rape, in which the jury returned a verdict of guilty, the fact that the prosecutrix in one part of her testimony stated that she locked the door to her room before she went to bed and, in another place, that about midnight the defendant entered her room, was not sufficient to justify the appellate court in saying that the entire story was inherently improbable.

[2] ID.—SATISFACTORY IDENTIFICATION — EVIDENCE — APPEAL.—In such prosecution, conceding that the testimony of one of the witnesses, a police officer, who testified that on the evening of the alleged offense he saw a man whom he described and whom he no doubt thought was the defendant in the immediate vicinity of the room of the prosecutrix, was not a satisfactory identification of defendant, that was a subject for argument to the jury, and not the appellate court.

[3] ID.—ALIBI—SATISFACTORY PROOF — PROVINCE OF JURY — APPEAL.—In such prosecution, the defendant having included in his defense certain proof tending to establish an alibi, the jury had the right to determine what proof was to its mind most satisfactory

1.  See 22 Cal. Jur. 400.
2.  See 8 Cal. Jur. 169; 8 R. C. L. 183.

and, where the defendant was satisfied with his proof but the jury was not, the appellate court was not at liberty to disturb its determination.

**[4]** ID.—MISCONDUCT OF JUROR—DISCUSSION OF EVIDENCE — CONFLICTING AFFIDAVITS.—In such prosecution, where the trial judge did not hear the incident and at the time no objection was interposed and no application was made asking for relief, and the affidavits of defendant's counsel as to alleged remarks of one of the jurors and alleged conversation with another juror concerning the identity of certain handwriting presented the matter for the first time upon defendant's motion for a new trial, and the two jurors in question, as well as a third juror, made affidavit denying the making of the alleged statements, the trial court did not err in holding that no misconduct was shown.

**[5]** ID.—INQUIRY BY JUROR—ABSENCE OF EVIDENCE—WAIVER OF OBJECTION.—In such prosecution, there was nothing irregular or prejudicial in the act of one of the jurors, during the presentation of the prosecution's argument, in asking whether the defendant was going toward the building or away from it when the policeman saw him, to which the deputy district attorney replied that he did not know, that it was not brought out in the evidence, so he could not discuss it, to which the juror replied that he was not sure that it was brought 'out; and where such incident was known to defendant and he made no objection at the time, he could not thus remain quiet and take the chance of a favorable verdict and keep the point in reserve.

---

(1) 33 Cyc., p. 1493, n. 71.   (2) 33 Cyc., p. 1501, n. 11.   (3) 16 C. J., p. 924, n. 34, 36; 17 C. J., p. 267, n. 99, p. 269, n. 9, p. 270, n. 17, 19; 33 Cyc., p. 1501, n. 11.   (4) 16 C. J., p. 1243, n. 64, 69. (5) 16 C. J., p. 1080, n. 77, p. 1096, n. 49, 51.

APPEAL from a judgment of the Superior Court of Alameda County. Lincoln S. Church, Judge. Affirmed.

The facts are stated in the opinion of the court.

Robert Gordon and F. Oakes for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The district attorney filed an information against the defendant charging him with the crime of assault with intent to commit rape. He was tried in the trial court before the court sitting with a

jury. The jury found him guilty. He made a motion for
a new trial. The motion was denied. Judgment was en-
tered in accordance with the verdict. From that judgment
and from the order denying him a new trial the defend-
ant has prosecuted this appeal.

The appellant claims (1) that the verdict was contrary
to the law; (2) that the verdict was contrary to the evi-
dence; (3) that the court erred in denying appellant's
motion for a new trial; and (4) that certain jurors were
guilty of misconduct by which a fair and due considera-
tion of the case was prevented.

[1] The appellant takes many pages to quote the testi-
mony of numerous witnesses. Having done so, he states
that he fully realizes that an appellate court will not dis-
turb the verdict of the jury simply on a conflict of the
evidence. Thereupon he states that his "appeal is raised
not merely to point out the very evident conflict of evi-
dence against defendant, but rather to point out that the
testimony presented against the defendant was inherently
improbable and untrue." His attempted differentiation is
not successful. Taking up the "inherent improbability"
we find it is without merit. Because at one time in her
testimony the prosecutrix testified that she locked the door
to her room before she went to bed, and, in another place
in her testimony, she testified that about midnight the
defendant entered her room, the appellant argues that her
story is inherently improbable. To state the argument
is to answer it. Perhaps the prosecutrix was mistaken
when she testified that she locked her door. There are
many other possible explanations that would square with
her story. But the locked or unlocked door is a circum-
stance which falls far short of justifying a court of re-
view in saying that the entire story as told by the prose-
cutrix was inherently improbable. It is not at all
necessary to recite that story in this decision. It is suffi-
cient to state that the story as told by the prosecutrix
was one that was not at all inherently improbable and the
only real question presented by the record was the iden-
tification of the defendant.

[2] On the evening of the alleged offense one of the
witnesses, a police officer, testified that he saw a man whom
he described and whom he no doubt thought was the de-

79 Cal. App.—14

fendant in the immediate vicinity of the room of the prose-
cutrix. The appellant asserts that the identification was
not satisfactory. Perhaps it was not, but that was a sub-
ject for argument to the jury.

[3] The defendant included in his defense certain
proof tending to establish an alibi. He now alleges that
such proof was so satisfactory and convincing that the
case of the prosecution cannot stand. Although the de-
fendant is satisfied with his proof it is quite clear from
its verdict that the jury was not. However, the jury had
the right to determine what proof was to its mind most
satisfactory, and having done so we are not at liberty to
disturb its determination.

[4] The alleged misconduct on the part of certain
jurors includes two different incidents which it is claimed
occurred in the courtroom while the case was being pre-
sented to the jury and before the submission of the cause.
As each incident arose no record of any kind or nature
was made. The record shows that the trial judge did not
hear the first incident. No objection was interposed and
no application was made to the trial court asking any
relief of any kind. Nevertheless the incidents were
brought forward at the time the appellant presented his
motion for a new trial. At that time his attorneys, Rob-
ert Gordon, Esq., and Frederick Oakes, Esq., made and
presented to the trial court a joint affidavit setting forth
the facts which it was claimed occurred during the prog-
ress of the trial. It is claimed that the defendant had
introduced as an exhibit a page from a Japanese hotel
register in Stockton which had a certain signature thereon.
That the defendant had also introduced an exemplar of
his writing. On a certain occasion those two exhibits were
being shown to the jury. It is claimed that at that time
one juror, N. W. Rickmond, remarked, "That isn't the
same writing, you can't make me believe these are the same
signatures," and, taking a small book and pencil from
his pocket, did write therein and attempt to draw Mrs.
Sarah L. Cowen (another juror) into conversation, saying,
"just look at this." That thereupon Mrs. Sarah L. Cowen
reprimanded him and did say, "Hush, don't discuss that
here." Juror N. W. Rickmond made an affidavit in which

he quoted the above statements and alleged that he did not make the statements as set forth nor statements in substance the same. Booth B. Goodman, another juror, made an affidavit in which he alleged that he was present at all times as a juror and that he did not hear any juror make any statement commenting on the evidence. Mrs. Sarah L. Cowen made an affidavit in which she stated that she had read the affidavit executed by defendant's attorneys and then she alleged that she did not hear any juror, before the cause was submitted, make any comment on the evidence. There was no error in the ruling of the trial court holding that there was no misconduct shown on the part of the juror N. W. Rickmond. The appellant urges that affidavits by the jurors that they did not hear were not of the same weight as affidavits by other persons who alleged that they did hear. Under some circumstances the argument would have much weight, but in the absence of a clear record to the contrary we are not at liberty to assume that the trial court had deaf jurors hard of hearing. Moreover, we must assume that the jurors were together in the jury-box. Under all of these circumstances, in the absence of some most peculiar combination of facts to the contrary, we cannot assume that the attorneys for the defendant were in a better position to hear and know what transpired in the jury-box in the courtroom than were the jurors themselves.

[5]  Another incident involved the juror C. W. Kinsey. In the joint affidavit above mentioned it was alleged that when the deputy district attorney was presenting his argument to the jury Mr. Kinsey "pointed to the defendant with his thumb and asked, 'Was this man going toward the building or away from it when the policeman saw him?' The deputy district attorney replied: 'I don't know which way he was going, that was not brought out in the evidence so I can't discuss it.' That then Mr. Kinsey replied, 'I wasn't sure that it was brought out.' " Assuming that the incident occurred, there was nothing irregular or prejudicial in the incident.

Moreover, both incidents were known to appellant, as each incident took place and no objection was made and he could not thus remain quiet and take the chance of a

favorable verdict and keep the point in reserve. (*Monaghan v. Rolling Mill Co.,* 81 Cal. 190, 194 [22 Pac. 590].)
The judgment and order appealed from are affirmed.

Langdon, P. J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied bv the district court of appeal on September 14, 1926.