[Crim. No. 2078. Second Appellate District, Division One.—July 17, 1931.]

THE PEOPLE, Respondent, v. ALVIN YEOMAN, Appellant.

S. S. Hahn for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

HOUSER, J.—Defendant appeals to this court from a judgment of conviction of the crime of robbery, and from an order by which his motion for a new trial was denied. Appellant frankly admits that the rulings by the trial court ''on the introduction of evidence were fair'', and that no error was committed by it either in the giving of instructions to the jury or in rejecting any of the instructions which were offered by defendant. His sole complaint herein is that the evidence adduced on the trial of the action was insufficient to support the verdict and that the verdict is contrary to the evidence. For the prosecution, but a single witness positively identified defendant as one who, with another person, actively participated in the commission of the crime of which defendant was accused, although, aside from generalities, the witness was unable to describe in what manner defendant was clothed at the time the robbery occurred. However, comparing the appearance of defendant with that of the person who concededly assisted in the commission of the robbery, another witness testified that defendant ''was the same type of man; . . . his general physical appearance was similar''; but that the witness ''couldn't say . . . whether or not this defendant sitting at the counsel table here, the man with the glasses on, is the man''. A third witness, who also was present at the time in question, failed to see defendant ''or anybody else'' other than the person who actually committed the robbery. A fourth wit-

ness testified that the "general appearance" of the man who assisted in the robbery "was the same as that of this defendant". Although the witness "couldn't say positively that the defendant Yeoman was the man", she also stated that "If I were asked to stretch my imagination, I would say that he was". A fifth witness testified that he did not "believe . . . that he was able to see these men sufficiently so that he could identify either one of them", but that, as compared with the robber in question, defendant "was a man of similar build".

For the defendant a very strong "alibi" was presented. Judging from facts appearing in the reporter's transcript of the proceedings at the trial, no adverse criticism may properly be made of any of the witnesses who testified in that regard. Apparently each of them was a person of good reputation, and the testimony given, which was of a most positive ·character, was clearly to the effect that under no condition would it have been possible for defendant to have participated in the commission of the crime of which he was charged. Indeed, viewed from the "cold record", it would be hard to conceive of a more convincing "alibi" in any case than was presented by defendant in his own behalf. If, considering the entire evidence adduced at the trial of the action, it be difficult to reconcile one's mind to the verdict of the jury, or to understand the reasoning by which the testimony given by defendant's witnesses failed to accomplish the result of creating in the "mind" of the jury a reasonable doubt as to the guilt of the defendant, a compensating thought is presented with knowledge of the rule of law which presumably was followed herein: That in order to be justified in his denial of the motion for a new trial the judge who presided at the trial must have been convinced, not only that the evidence was sufficient to support the verdict, that the weight of the evidence was in favor thereof, but that in all respects it was legal and in furtherance of justice. (20 Cal. Jur. 25 et seq., and authorities there cited.) Thus fortified, aided by the legal principle that on appeal from a judgment if it appear that the verdict was supported by substantial evidence the appellate tribunal is without authority to direct a reversal of the judgment or the order by which the motion of the defendant for a new trial was

denied, the proper course of this court in the premises is clearly indicated.

The judgment and the order are affirmed.

Conrey, P. J., and Bishop, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 29, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 13, 1931.