[Crim. No. 1628.   First Appellate District, Division One.—October 9, 1931.]

THE PEOPLE, Respondent, v. JOSEPH ROBERTSON, Appellant.

Soren X. Christensen, Leon J. Dugan and Harry G. Henderson for Appellant.

U. S. Webb, Attorney-General, William F. Cleary, Deputy Attorney-General, Earl Warren, District Attorney, and R. Robert Hunter, Deputy District Attorney, for Respondent.

KNIGHT, J.—A dwelling on McKinley Street in Oakland was burglarized between the hours of 8 and 10:30 o'clock on the night of December 26, 1930, and a small amount of cash, two watches and a few articles of jewelry including a gold watch charm, representing a football, were stolen therefrom. Appellant was charged with the commission of the crime, and with two prior convictions of felony. He admitted the prior convictions, and was found guilty by a jury of the charge of burglary. The sole ground urged for reversal is insufficiency of the evidence to sustain the judgment of conviction.

The evidence upon which the conviction was obtained was in substance as follows: About 1 o'clock on the afternoon following the burglary appellant was seen by an inspector of the Oakland police department to enter a pawnshop in that city, wherein, according to the proprietor of the shop, he sold the stolen watch charm, and signed the bill of sale therefor as follows: "George Williams—Hotel Adams", which was a fictitious name and false address. Upon leaving the pawnshop he was arrested by the inspector, but later, when questioned about the matter by the officers, denied having entered the pawnshop as claimed by the inspector, or having sold therein the stolen watch charm or having signed the bill of sale therefor as claimed by the proprietor of said shop; and finally he declined to make any further statement about the matter. Exemplars of his handwriting were obtained, however, and at the trial expert testimony was introduced to show that the signature and address attached to said document were written by him. Appellant did not take the witness-stand in his own behalf, but, by the testimony of others, sought to establish an alibi. In this regard his mother, with whom he lived on Davis Street, testified that on the night of the burglary he left home between 7 and 8 o'clock; and his sister and her husband testified that he arrived at their home on Sixtieth Street, thirty or forty blocks distant from his mother's home, between 7:30 and 8 o'clock; that soon thereafter they drove away in their automobile and that appellant then went across the street to visit another sister. The latter testified that appellant arrived there shortly after 8 o'clock and remained "close to an hour"; and his mother testified that he returned

home between 9:15 and 9:30 o'clock, and did not again leave the house that evening. The dwelling that was bur-glarized was located approximately fifty blocks distance from appellant's home and in an opposite direction from the homes of his sisters.

The facts established by the prosecution in support of its case are almost identical with those presented in *People* v. *Lang*, 142 Cal. 482 [76 Pac. 232], and it was there held that the same were legally sufficient to sustain the conviction. The defendant in that case was charged with having burglar-ized an apartment in a rooming-house in San Francisco. An overcoat was stolen therefrom, and the prosecution proved that shortly after the burglary was committed the defend-ant pawned the coat and signed a fictitious name and false address on the books of the loan office; but when arrested he denied having pawned the coat. In holding that the evidence was sufficient to sustain the conviction the court said: "While possession of the stolen property is not of itself sufficient evidence of the guilt of the party in whose possession it is found, still the recent possession, unexplained, is a very strong circumstance, when taken in connection with other circumstances that point to guilt. The fictitious name given at the loan office, the pawning of the coat on the very day it was lost, and the denying of the signature on the books of the loan office are potent facts which are sufficient to justify the inference of guilt. The authorities hold that where goods have been feloniously taken by means of a burglary, and they are immediately or soon thereafter found in the possession of a person who gives a false ac-count, or refuses to give any account, of the manner in which he came into the possession, proof of such possession and guilty conduct is presumptive evidence not only that he stole the goods, but that he made use of the means by which access to them was obtained." (Citing a number of cases.) Additional cases holding to the same effect are *People* v. *Smith*, 79 Cal. 554 [21 Pac. 952]; *People* v. *Murphy*, 91 Cal. App. 53 [266 Pac. 374]; *People* v. *Fain*, 100 Cal. App. 439 [280 Pac. 162]; *People* v. *LeRoy*, 192 Cal. 498 [221 Pac. 353]; *People* v. *McClain*, 115 Cal. App. 512 [1 Pac. (2d) 1023].

It is evident, therefore, that under the law as declared in the foregoing cases, the facts established by the prose-

cution in the present case are legally sufficient to sustain the judgment of conviction. ▮ The question of the soundness of appellant's alibi was of course for the jury to determine, as was the weight to be given to the testimony offered in support of it. And even accepting such testimony as true, it would appear that it was not sufficiently definite as to the exact time of appellant's arrival at his sisters' homes and his departure therefrom to preclude the inference that he was nevertheless afforded an opportunity to commit said burglary.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 24, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 6, 1931.