[Crim. No. 2156. Second Appellate District, Division One.—March 24, 1932.]

THE PEOPLE, Respondent, v. MANUEL CHAVEZ et al., Appellants.

Theodore Gottsdanker for Appellants.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

. HOUSER, J.—Defendants appeal from judgments of conviction of the crime of robbery, as well as from an order by which their motion for a new trial was denied.

■ Considered together, the effect of the two points which are urged by appellants as a sufficient reason for a reversal of the judgments is that the evidence introduced on the trial of the action was insufficient to support the judgments, and that the "alibi" of defendants was so strong that necessarily it should have created a reasonable doubt as to their guilt.

Without access by this court to anything more than appears in the record of the proceedings in the lower court, it might not seem to us that the evidence of the guilt of defendants was of that satisfactory character which is greatly to be desired in a criminal action. It rested solely on an identification by the victim of the robbery of the defendants as the persons who committed the crime in question. This identification was somewhat weakened by the cross-examination. Nevertheless, taken as a whole, it was sufficient to support the judgments. On the other hand, the evidence by which the "alibi" of defendants was sought to be established appeared to be very strong. Notwithstanding such situation, as in effect is decided by numerous authorities of this state, and recently restated in the case of *People* v. *Yeoman*, 115 Cal. App. 518 [1 Pac. (2d) 993], this court is powerless to interfere. When it appears that the evidence which tends to establish the guilt of a defendant is legally sufficient, the credibility to be attached to evidence introduced for the purpose of proving the innocence of the defendant, or of raising a reasonable doubt as to his guilt, is a question which for its solution rests solely with the jury, or (as in the instant case) with the trial court.

It follows that the judgments, as well as the order denying the motion for a new trial, should be affirmed. It is so ordered.

Conrey, P. J., and York, J., concurred.