[Crim. No. 2166. Second Appellate District, Division One.—April 19, 1932.]

THE PEOPLE, Respondent, v. VERNON MYERS, Appellant.

John F. Groene and Vernon Myers, *in pro. per.,* for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

HOUSER, J.—From the "verdict of the jury finding defendant guilty of robbery, and fixing the degree first degree robbery; from the order of the court denying the motion and grounds for a new trial"; and from the "judgment and sentence of the court . . . " defendant appeals to this court.

There is no merit in the first point presented by appellant to the effect that the evidence was insufficient "to sustain the verdict". An examination of the transcript of the proceedings had on the trial of the action discloses the fact that not only was defendant positively identified by the victim of the robbery in question as one of the persons who assisted in the commission of the offense of which defendant was charged, but, in addition thereto, that a witness who theretofore had pleaded guilty to the commission of the identical offense testified to facts which, if believed by the jury, clearly established the criminal connection of defendant as an active participant therein.

The fact that by the testimony of another witness who was introduced by defendant evidence was given of the presence of defendant, on the date when the offense was committed, at a place so remote from the scene of the crime that it would have been physically impossible that defendant could have assisted in its commission, merely presented a

conflict in the evidence; and the decision by the jury thereon is binding and conclusive on this court. (*People* v. *Yeoman,* 115 Cal. App. 518 [1 Pac. (2d) 993].)

Appellant complains that the deputy district attorney in charge of the prosecution of the action was guilty of misconduct which was prejudicial to the substantial rights of defendant.

From the record herein it appears that after a certain witness had completed his testimony, and after the trial court had adjourned for the day, and after the jury had dispersed, the said witness was arrested by two police officers who took him into the office of the district attorney, where he was detained for a period of about one hour, during which time he was questioned by a deputy district attorney and by him informally charged with having committed perjury in the giving of his testimony. On the resumption of the trial on the day following such incident, the attorney for defendant insisted on bringing the matter to the attention of the court in the presence of the jury. After his conviction of the crime of which he was charged, defendant presented his motion for a new trial, based in part upon affidavits which contained statements of fact which he alleged occurred at and during the time of the arrest and detention of the witness as aforesaid, together with a general allegation that the conduct of the district attorney in the premises constituted such an intimidation not only of the particular witness of defendant, but as well of other witnesses intended to be introduced by defendant, that he was deprived of a fair and impartial trial. Counter-affidavits were filed by the prosecution from which it appeared that nearly every essential fact which was alleged by defendant was contradicted. But in any view of the situation, it was satisfactorily shown that neither of the police officers who assumed to arrest defendant's witness was in any way connected with the office of the district attorney; but to the contrary, that their action in the premises was taken entirely upon their own initiative and without the knowledge, consent, or acquiescence of the district attorney until after said witness had been taken to his office, where, after having been questioned as aforesaid, the witness was released. It also was shown that the arrest of the witness did not occur

in the presence of the judge of the trial court, nor of any member of the jury; and that but for the insistence of the attorney for defendant that the facts relative to the matter be divulged in open court and in the presence of the jury, neither the jury as a whole, nor any member thereof, need have known of the existence of the occurrence until after the verdict had been rendered. Moreover, no facts were disclosed by virtue of which a just conclusion might have been reached that either the witness in question, or any other witness, was in any manner or at all intimidated by what had taken place, or that by reason of such alleged misconduct of the district attorney defendant was deprived of the benefit of any testimony or evidence which otherwise would have been submitted for the consideration of the jury. In such circumstances, it may not be judicially declared that because of the untoward incident in question defendant suffered any injury.

 No other point suggested by appellant as a sufficient reason for reversal of the judgment is worthy of serious consideration by this court. However, in connection with his appeal herein, appellant has presented a motion to the effect that at this time and before this court he be permitted to introduce additional evidence for the purpose of establishing the falsity of the testimony given on the trial of the action by the alleged accomplice of defendant, to the end that this court may make a finding of fact which will have the effect either of discharging defendant from the charge against him, or of reversing the judgment and granting defendant a new trial. As authority for such motion and the suggested procedure appellant relies upon the provisions of section 4¾ of article VI of the Constitution and section 956a of the Code of Civil Procedure.

At the outset it is apparent that, even though it might be fairly established that the testimony given by the admitted accomplice of defendant was unworthy of belief, there would remain the testimony given by the victim of the robbery, which in itself was sufficient to support the judgment. But on examination of the authorities to which attention has been directed it is noted that by the opening sentence in each of them the power of the court to extend any relief is made entirely dependent upon a case "where trial by jury is not

a matter of right, or where trial by jury has been waived''. Obviously when in a criminal action in which the defendant is charged with the commission of a felony a trial by jury is a matter of right, or when, as was the case herein, the defendant has been tried by a jury—by the express terms of the Constitution, as well as of the statute, he is in no position either to demand or to expect that this tribunal will receive evidence for the purpose either of casting doubt upon the credibility of any witness who may have testified in the lower court, or for the purpose of establishing, either conclusively or otherwise, the utter falsity of the testimony given by such witness. In other words, in response to the motion made by appellant, even though no other reason may exist for its denial, it need only be stated that in the opinion of this court neither the provision of the Constitution, nor that of the section of the code to which reference has been had, has any application to a situation such as is here presented. (*Syfert* v. *Solomon,* 95 Cal. App. 228 [272 Pac. 810].)

The judgment, as well as the order by which the motion of defendant for a new trial was denied, are, and each of them is, affirmed.

The appeal from the ''verdict of the jury'' is dismissed.

The motion to introduce additional evidence is denied.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 2, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 19, 1932.