[Crim. No. 2289.  Second Appellate District, Division One.—March 4, 1933.]

THE PEOPLE, Respondent, v. ALBERT BURDETTE et al., Appellants.

Willedd Andrews and Theodore Robinson for Appellants.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

HOUSER, J.—Defendants were convicted of the crime of violating section 146 of the California Vehicle Act, to wit, driving an automobile without the consent of its owner so to do, etc. From the ensuing judgment, as well as from the order by which the motion for a new trial was denied, defendants have appealed to this court. In addition thereto, defendant Lemons has appealed "from an order denying said defendant probation".

The only specific point presented as a reason for the reversal of the judgment is "that the verdict of the jury is contrary to the evidence". It appears to be conceded by appellants that, standing by itself, the evidence adduced by the prosecution was legally sufficient to support the respective verdicts and the judgments rendered thereon. But it is contended that, since each of the defendants introduced considerable evidence by which it was made to appear that at the time when, and at the place where, the criminal offense was committed the defendants were "not only not present, but that they were miles away from the scene of the crime"—the judgment and the orders from which the appeal is taken should be reversed. It may thus be noticed that by their appeal, for the purpose of determining the question of the guilt of defendants, appellants seek to place upon this court the burden of weighing the evidence which was adduced in the trial court. That such a course is without and beyond the power of an appellate tribunal has been so universally decided that to cite authorities to that effect would be superfluous. It is solely the province of the trial jury, aided and instructed by the trial judge, to make a determination as to the guilt or the innocence of the defendant. Of course, if the evidence upon which a conviction has been had is wholly insufficient to support the verdict, an appellate tribunal to which an appeal from the ensuing judgment has been taken is fully authorized to so

indicate and thereupon to reverse such judgment. No such situation is here presented. Appellants admit the sufficiency of the evidence, but in effect say that the evidence of their ''alibi'' was so great that it should have outweighed the evidence presented by the prosecution, at least to the extent that a reasonable doubt of the guilt of defendants should have been created, and thus have resulted in their acquittal of the charge preferred against them. But, as hereinbefore has been stated (excepting in certain circumstances not even suggested as having been present on the trial of the action), the power of weighing the evidence and determining the truth relating to the charge against the defendants lies exclusively with the jury; and its verdict, by which the guilt of the defendants is indicated, when based upon sufficient evidence, is conclusive upon this court. (*People* v. *Yeoman*, 115 Cal. App. 518 [1 Pac. (2d) 993].)

The judgment and each of the orders from which the appeal is taken are affirmed.

Conrey, P. J., and York, J., concurred.