[Crim. No. 2573. Second Appellate District, Division One.—November 2, 1934.]

THE PEOPLE, Respondent, v. ARMAND MURIETA, Appellant.

J. Harvey Hearn for Appellant.

U. S. Webb, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondent.

HOUSER, J.—Defendant was convicted on each of three counts of robbery and on each of three counts of kidnaping. He appeals from the ensuing judgment, as well as from the order by which his motion for a new trial was denied.

In his brief appellant states the point upon which he relies for a reversal of the judgment as follows:

''The appeal herein is based solely upon the [in]sufficiency of the evidence to justify the verdicts. It is submitted that each of the verdicts rendered is against the evidence and the weight of evidence.''

However, an examination of his brief discloses the fact that, specifically, appellant contends not that the evidence adduced by the prosecution was actually insufficient, but rather that the evidence presented by defendant with relation to an ''alibi'' was so strong and persuasive that it should have overcome the evidence upon which the prosecution relied for the conviction of defendant. But the law appears to be well established that such a situation presents a problem that is to be solved primarily by the trial jury; which solution, in case of a conviction of the defendant, the trial judge, unless he grant a new trial, must impliedly approve and affirm. In such circumstances, however firmly convinced an appellate court may be of the honesty, integrity, and the truthfulness of the several witnesses by whose testimony the defendant has unsuccessfully attempted to establish his ''alibi'', such tribunal is powerless to overthrow an adverse verdict and an ensuing judgment. Abstractly and concretely, the cases are legion which so decide. The citation of some of them in this state will suffice: *People* v. *Fice,* 97 Cal. 459 [32 Pac. 531]; *People* v. *Sears,* 119 Cal. 267 [51 Pac. 325]; *People* v. *Mendez,* 193 Cal. 39 [223 Pac. 65]; *People* v. *Boero,* 13 Cal. App. 686 [110 Pac. 525]; *People* v. *Hoosier,* 24 Cal. App. 746 [142 Pac. 514]; *People* v. *Carnes,* 49 Cal. App. 225 [192 Pac. 1088]; *People* v. *Jo Fong,* 59 Cal. App. 259 [210 Pac. 548]; *People* v. *Ybarra,* 68 Cal. App. 259 [228 Pac. 868]; *People* v. *Booth,* 72 Cal. App. 160 [236 Pac. 987]; *People* v. *Egan,* 77 Cal. App. 279 [246 Pac. 337]; *People* v. *Lawler,* 79 Cal. App. 207 [249 Pac. 18]; *People* v. *Casey,* 79 Cal. App. 295 [249 Pac. 525]; *People* v. *North,* 81 Cal. App. 113 [252 Pac. 1063]; *People* v. *Giacobbi,* 83 Cal. App.

12 [256 Pac. 299]; *People* v. *Ferlito,* 100 Cal. App. 355 [280 Pac. 136]; *People* v. *Yeoman,* 115 Cal. App. 518 [1 Pac. (2d) 993]; *People* v. *McClain,* 115 Cal. App. 505 [1 Pac. (2d) 1085]; *People* v. *Robertson,* 117 Cal. App. 413 [3 Pac. (2d) 946]; *People* v. *Myers,* 122 Cal. App. 675 [10 Pac. (2d) 498].

It is ordered that the judgment and the order by which defendant was denied a new trial be and they are affirmed.

Conrey, P. J., and York, J., concurred.