[Crim. No. 2902. Second Appellate District, Division Two.—January 26, 1937.]

THE PEOPLE, Respondent, v. FREDERICK F. ROKES et al., Defendants; WHITNEY A. HANSLEY et al., Appellants.

Gladys Towles Root, W. Thomas Davis, James E. Fenton, Earle M. Daniels, Burdette J. Daniels and S. Ward Sullivan for Appellants.

U. S. Webb, Attorney-General, Bayard Rhone, Deputy Attorney-General, Buron Fitts, District Attorney, and Orville R. Emerson, Deputy District Attorney, for Respondent.

McCOMB, J.—Appellants were convicted after trial by jury of: (a) Robbery in the first degree, and (b) Burglary in the first degree.

This appeal is from the judgment and order denying their motions for a new trial.

Viewing the evidence most favorable to the prosecution (*People* v. *Dukes*, 90 Cal. App. 657, 659 [266 Pac. 558]), the facts in the instant case are:

July 8, 1935, appellants burglarized the Grand Hotel building in Santa Monica, California, and robbed G. W. Young of money and jewelry. Frederick F. Rokes and Gerald Rokes, accomplices of appellants, actually committed the robbery and burglary, while appellant Hansley acted as lookout. Appellant Gump furnished the plans of the hotel lobby and consulted in arranging the details of the crimes. Shortly after the crimes were committed he left Los Angeles and went to San Francisco. Appellant Savage, a police officer, agreed to give police protection to his accomplices and gave advice as to the method of perpetrating the crimes.

## A.

Each appellant urges reversal of the judgment on the ground *that there is no substantial corroboration of the testimony of his accomplices to show his participation in or connection with either of the crimes of which he was convicted.*

■ The law is settled in California that a conviction cannot be sustained upon the testimony of an accomplice, unless it be corroborated by other evidence which tends to connect defendant with the commission of the offense (sec. 1111, Pen. Code), and it is equally clear that the corroborative evidence necessary to comply with this requirement, must of itself without the aid of the accomplice's testimony connect or tend to connect defendant with the commission of the offense charged. (*People* v. *Kempley,* 205 Cal. 441, 455 [271 Pac. 478]; *People* v. *Janssen,* 74 Cal. App. 402, 406 [240 Pac. 799].)

■ It is likewise settled that an admission of a defendant is sufficient to furnish the corroboration of an accomplice's testimony necessary to sustain a conviction. (*People* v. *Earl,* 10 Cal. App. (2d) 163, 165 [51 Pac. (2d) 147].)

■ Applying the foregoing rules to the instant case, the above contention of appellants Gump and Hansley is without merit, for the record discloses ample evidence from their own statements as to their participation in the crimes, thus furnishing the necessary corroboration of testimony of their accomplices.

■ With reference to appellant Savage, we find a different situation, since, eliminating entirely the testimony of his accomplices, the record is completely devoid of any evidence, even slight, which connects or tends to connect him with either of the crimes of which he was convicted. As the judgment as to appellant Savage must be reversed for the foregoing reason, it is unnecessary for us to consider the other contentions advanced by him.

## B.

Appellant Harry Gump relies for reversal of the judgments on these additional propositions:

*First: The trial court committed prejudicial error in instructing the jury as follows:*

(a) *"If upon consideration of the whole case, you are satisfied to a moral certainty, and beyond a reasonable doubt, of the guilt of the defendant, you should so find,*

*irrespective of whether such certainty has been produced by direct evidence or by circumstantial evidence, or by a combination of both. The law makes no distinction between circumstantial evidence and direct evidence in the degree of proof required for conviction, but only requires that the jury shall be satisfied beyond a reasonable doubt by evidence of either the one character or the other, or both."*

(b) *"The flight of a person immediately after the commission of a crime, or after he is accused of a crime that has been committed, is not sufficient in itself to establish his guilt, but is a fact which, if proved, the jury may consider in deciding his guilt or innocence. The weight to which such circumstance is entitled is a matter for the jury to determine."*

*Second: The trial court committed prejudicial error in refusing in instruct the jury as follows:*

*"In your consideration of the testimony of the witnesses Frederick F. Rokes, Gerald Rokes, Whitney A. Hansley and Frankie Herteen, you are instructed that each and everyone of them were by their own admissions accomplices of the defendant Harry Gump, and in dealing with their testimony, you are at all times to have this in mind.*

*"By the foregoing statement, the Court does not intend to convey the idea that the defendant Gump was connected with any of the defendants in the perpetration of the crimes charged against him in the indictment filed against all of the defendants, as that is the question which you are to determine by all the evidence in the case.*

*"For your guidance, in dealing with the testimony of accomplices, you are instructed that in relation to the testimony of an accomplice, it is provided by Section 1111, of the Penal Code of the State of California, that 'A conviction cannot be had on the testimony of an accomplice, unless it is corroborated by other evidence, which, in itself and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense, or the circumstances thereof."*

 The instruction set forth in paragraph (a) of appellant's first proposition is an accurate statement of the law, so repeatedly approved by the Supreme and Appellate Courts of this state as to need no citation of authority in support

thereof. ▄▄ Likewise the instruction included in paragraph (b) of appellant Gump's first proposition is a correct statement of the principle of law embodied therein. (Sec. 1127c, Pen. Code.) The record shows that shortly after the commission of the crimes appellant Gump left Los Angeles and went to San Francisco. This was sufficient evidence, coupled with the other testimony relative to his participation in the crimes, to warrant the court in giving the jury an instruction relative to the law of flight.

▄▄ The second proposition urged by appellant will not be considered by us, because he has failed to observe the provisions of rule VIII, section 3, of this court, requiring the party alleging error to print in his brief not alone the instruction which it is alleged was erroneously refused, but also all instructions given bearing upon the subjects covered by the refused instruction. (Rule VIII, sec. 3, p. 10, Rules for the Supreme Court and District Courts of Appeal of the State of California.)

## C.

The appellant Whitney A. Hansley relies for reversal of the judgment on these further propositions:

*First: The trial court committed prejudicial error in refusing to continue the trial of his case to a later date.*

*Second: The trial court committed prejudicial error in refusing to instruct the jury as follows:*

*(a) "In your consideration of the testimony of the witnesses Frederick F. Rokes, Gerald Rokes, and Frankie Herteen, you are instructed that each and everyone of them were by their own admissions accomplices of the defendant Whitney A. Hansley, and in dealing with their testimony, you are at all times to have this in mind.*

*"By the foregoing statement, the Court does not intend to convey the idea that the defendant Hansley was connected with any of the defendants in the perpetration of the crimes charged against him in the indictment filed against all of the defendants, as that is the question which you are to determine by all the evidence in the case.*

*"For your guidance, in dealing with the testimony of accomplices, you are instructed that in relation to the testimony of an accomplice, it is provided by Section 1111, of the Penal Code of the State of California, that 'A conviction cannot be had on the testimony of an accomplice, unless it is corrobo-*

rated by other evidence, which, in itself, and without the aid of the testimony of the accomplice tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense, or the circumstances thereof.'

"(b) In reference to the testimony of an accomplice you are further instructed that evidence which merely excites suspicion is not sufficient corroboration of the testimony of an accomplice or any number of accomplices testifying against the defendant Hansley to warrant his conviction."

The first proposition urged by appellant Hansley is untenable for the reason that before this court will consider an alleged error of the trial court in refusing to grant a continuance of a trial, appellant must have (1) made a motion for continuance before the trial court, and (2) supported such motion with affidavits setting forth facts warranting the trial court in granting his application. (8 Cal. Jur. 212.) In the present case appellant Hansley failed to comply with either of these requirements.

The second proposition urged by appellant will not be considered by us for the reason that he also has failed to observe the provision of rule VIII, section 3, of this court, requiring the party alleging error to print in his brief not alone the instructions which it is alleged were erroneously refused, but also all instructions bearing upon the subjects covered by the refused instructions. (Rule VIII, sec. 3, Rules of the Supreme Court and District Courts of Appeal of the State of California.)

The judgment and order denying his motion for a new trial relative to Ralph V. Savage are and each is reversed.

The judgments and orders as to appellants Harry Gump and Whitney A. Hansley are and each is affirmed.

Crail, P. J., and Wood, J., concurred.

Petitions by appellants and respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, were denied by the Supreme Court on February 25, 1937.