WASTE, C. J.
 

 This cause was taken over after decision in the District Court of Appeal of the Second Appellate District, Division Two, in order that we might more fully examine the record and certain issues raised upon the appeal. An examination of the evidence, covering 1742 pages of the reporter’s transcript, compels us to agree with the conclusion of the Appellate Court that as to the appellants Beggs, Ross and St. John there is a dearth of corroborating evidence within the meaning of section 1111 of the Penal Code as interpreted in
 
 People
 
 v.
 
 Kempley,
 
 205 Cal. 441 [271 Pac. 478], and
 
 People
 
 v.
 
 Davis,
 
 210 Cal. 540 [293 Pac. 32]. However, we cannot accept the conclusion announced by that court with reference to the contention of the appellant Byrne directed against count VII of the indictment. This point will be discussed later.
 

 Therefore, with such additional comment as shall hereinafter appear, we adopt the following portions of the opinion of Mr. Justice McComb as and for the decision of this court:
 

 “Defendants were accused by the grand jury of the county of Los Angeles of the crime of conspiracy to violate section 274 of the Penal Code, a felony, and in eight separate counts of having committed abortions. Defendants were tried jointly before a jury, whose verdicts were:
 

 
 *200
 
 “(1)
 

 “(2)
 

 Guilty:
 

 R. L. Rankin George E. Watts J. 0. Shinn William A. Byrne Grace Moore Lillian Wilson James Beggs Jesse C. Ross
 

 Counts I, II, V, VII and IX
 

 Counts I and V ■Counts I, II and V
 

 John A. Creeth ) Valentine St. John
 
 \
 
 Violette Pellegrini <- Not guilty:
 

 Jessie Radcliffe)
 

 J. C. Perry }-All counts
 

 “Defendants H. L. Houston, Bessie McCarthy, and Beatrice Bole were not apprehended and defendant W. Norman Powers entered a plea of guilty to count I of the indictment and testified on behalf of the state.
 

 “Defendants James Beggs, William A. Byrne, R. L. Rankin, Jesse C. Ross, and Valentine St. John alone appeal from the judgments and orders denying their motions for a new. trial.
 

 “The appeal of defendant R. L. Rankin has heretofore been dismissed at his request.
 

 “Viewing the evidence most favorable to the prosecution
 
 (.People
 
 v.
 
 Dukes,
 
 90 Cal. App. 657, 659 [266 Pac. 558]), the facts in the instant case are:
 

 “Defendants R. L. Rankin and George E. Watts owned, operated, and directed a series of offices, extending from Seattle, Washington, to San Diego, California, for the purpose of illegally performing abortions. The remaining defendants, with the exception of those who were acquitted by the jury, were employed by them in various capacities in connection with the conduct of their illegal business. In the course of their business and in pursuance of their conspiracy abortions were performed upon Gladys Duckworth, Peggy Nowell, and Josephine Peacock as alleged in counts II, V, and IX of the indictment.
 

 
 *201
 
 “A.
 

 “Each appellant urges reversal of the judgments on ground
 
 that there is no substantial corroboration of the testimony of his accomplices to show his participation in or connection with any of the crimes of which he ivas convicted.
 

 “The law is settled in California that a conviction cannot be sustained upon the testimony of an accomplice, unless it be corroborated by other evidence which tends to connect defendant with the commission of the offense charged in the indictment (sec. 1111, Pen. Code), and it is equally clear that the corroborative evidence necessary to comply with this requirement must of itself without the aid of the accomplice’s testimony connect or tend to connect defendant with the commission of the offense charged.
 
 (People
 
 v.
 
 Kempley,
 
 205 Cal. 441, 455 [271 Pac. 478]
 
 ; People
 
 v.
 
 Janssen,
 
 74 Cal. App. 402, 406 [240 Pac. 799];
 
 People
 
 v.
 
 Rokes,
 
 18 Cal. App. (2d) 689 [64 Pac. (2d) 746].)
 

 “Applying the foregoing rules to the instant case, we find with reference to the appellants Beggs, Ross, and St. John, that, after eliminating entirely the testimony of their accomplices, the record is completely devoid of any evidence even slight, which connects or tends to connect any of them with any of the crimes of which they were convicted. Since the judgments as to these appellants must be reversed for the foregoing reason, it is unnecessary for us to consider the other contentions which they have advanced.
 

 “With reference to appellant William A. Byrne, we find a different situation. An examination of the record discloses that, after eliminating the testimony of his accomplices, there was substantial evidence considered in connection with such inferences as the jury may have reasonably drawn therefrom to connect him with the commission of the offense charged, thus furnishing the necessary corroboration to the testimony of his accomplices. One example of such corroborative evidence is found in the testimony of Geraldine Gerding, secretary to the manager of the Ocean Center Building in Long Beach, who it is conceded was not an accomplice, to the effect that appellant Byrne, about July 29, 1936, paid rent for rooms used by some of his coconspirators in that city for the purpose of performing abortions. There is ample evidence of a similar nature; however, since no useful purpose would be subserved by setting the same forth
 
 in extenso,
 
 we
 
 *202
 
 refrain from further discussion of it.
 
 {Thatch
 
 v.
 
 Livingston,
 
 13 Cal. App. (2d) 202 [56 Pac. (2d) 549];
 
 Koeberle
 
 v.
 
 Hotchkiss,
 
 8 Cal. App. (2d) 634 [48 Pac. (2d) 104];
 
 Leavens
 
 v.
 
 Pinkham & McKevitt,
 
 164 Cal. 242, 245 [128 Pac. 399].)
 

 “B.
 

 “Appellant Byrne relies for reversal of the judgments upon these additional propositions:
 

 “First: Count VII of the indictment did not charge a public ofense.
 

 “Second: Section 274 of the Penal Code is unconstitutional in that it fails to inform a person charged thereunder with reasonable certainty as to what acts or actions are prohibited by it. . . .
 

 “Appellant Byrne’s final proposition is untenable. His entire argument is directed to the point that the words ‘procure the miscarriage of such woman ’ do not convey a definite and certain meaning. ‘Miscarriage’ is thus defined in Bouvier’s Law Dictionary, volume II, page 2221:
 

 “ ‘The expulsion of the ovum or embryo from the uterus within the first six weeks after conception. Between that time, and before the expiration of the sixth month, when the child may possibly live, it is termed abortion. When the delivery takes place soon after the sixth month, it is denominated premature labor. But the criminal act of destroying the foetus at any time before birth is termed, in law, procuring miscarriage. ’
 

 “An almost identical definition will be found in Cyclopedic Law Dictionary, page 662, and substantially the same definition is given in each of the modern dictionaries of the English language. It is therefore evident that the phrase as used in the statute was sufficiently explicit to inform persons of common intelligence and understanding of the acts which were prohibited. ’ ’
 

 Even if we concede for present purposes that count VII of the indictment, as urged by the appellant Byrne, is deficient because of its failure to charge the aborting of a “pregnant” woman, we are of the opinion that no prejudice resulted therefrom inasmuch as the evidence adduced upon the trial established the pregnancy of the woman involved. Therefore, under section 4% of article VI of the Constitution the assumed defect is insufficient to warrant a reversal of the judgment.
 
 {People
 
 v.
 
 Bonfanti,
 
 40 Cal. App. 614 [181 Pac.
 
 *203
 
 80];
 
 People
 
 v.
 
 Buttulia,
 
 70 Cal. App. 444 [233 Pac. 401].) In the Bonfanti case, supra, the defendant ivas charged with assault with intent to commit rape, but the information failed to allege, as specified in section 261 of the Penal Code, that the woman whom the defendant had assaulted was not his wife. The evidence, however, definitely indicated that she was not his wife. Under the circumstances, it was held that the defect in the information was not prejudicial in the light of section 4%,
 
 supra.
 
 The reasoning of that case is applicable here and the contention of the appellant Byrne with respect to count VII of the indictment does not call for a reversa! of the judgment thereon.
 

 The judgment and orders denying the motions for neAV trial relative to the appellants James Beggs, Jesse C. Ross and Valentine St. John are and each is reversed, and a new trial is ordered.
 

 The judgments and orders relative to William A. Byrne on counts I, II, V, VII and IX are and each is affirmed.
 

 Houser, J., Shenk, J., Curtis, J., Edmonds, J., and SeaAvell, J., concurred.
 

 Rehearing denied.