[Crim. No. 4407.   In Bank.   June 9, 1942.]

THE PEOPLE, Respondent, v. PERRY KEARNEY, Appellant.

Morris Lavine for Appellant.

Earl Warren, Attorney General, and Bayard Rhone, Deputy Attorney General, for Respondent.

THE COURT.—In an information filed by the District Attorney of Los Angeles County the defendant Kearney was charged in separate counts with (1) violation of section 288 of the Penal Code, on March 22, 1941, (2) violation of the same statute, on March 13, 1941, and (3) rape, committed on the latter date. In each instance the alleged victim was a ten-year-old girl. Prior to submission of the case the third count (rape) was dismissed upon motion of the district attorney. The jury found defendant guilty on the remaining two counts charging violation of section 288, *supra*. Upon motion a new trial was granted, however, on count one. Judgment was entered on count two sentencing defendant to the state penitentiary, but execution thereof was suspended and defendant has been placed on probation for a period of five years upon condition that he spend one year thereof in the county jail, the court recommending that the year be served on the honor farm. This is an appeal from the judgment and the order denying a new trial on count two.

Defendant urges that the story related by the prosecutrix "is so inherently improbable" as to require a reversal of the judgment. Examination of the record refutes the contention. Minor inaccuracies and uncertainties in the testimony of the prosecutrix do not serve to destroy her credibility as a witness or render her story unbelievable. On the contrary, a reading of the record indicates that a child of such tender years could have related the story with such detail and consistency only if she had actually undergone an impressionable experience such as that narrated by the prosecutrix and which led to defendant's conviction on count two. In our narrative we shall refer only to those portions of the testimony addressed to the latter count, for there is nothing so inherently improbable about any portion of the story of the prosecutrix, regardless of the count to which it is addressed, that would tend to suggest improbability as to the part relating to count two, upon which defendant stands convicted. We turn now to the evidence addressed to the latter count.

The prosecutrix lived with her parents in property belong-

ing to defendant and situated across the street from defendant's home. On the afternoon of March 13, 1941, the mother of the prosecutrix and the wife of defendant were engaged in a telephone conversation, during the course of which it was mutually agreed that the prosecutrix might visit with the Kearneys as had been her custom on prior occasions. According to the prosecutrix, she arrived at defendant's home shortly after 1:00 p.m., at which time the defendant was in the kitchen. Defendant's wife was also present. The wife and prosecutrix read a newspaper together in the kitchen. Shortly thereafter, a woman called and defendant's wife accompanied her into the living room and closed the door, leaving prosecutrix and defendant alone in the kitchen. After a brief conversation with the prosecutrix, defendant opened the door that leads to the bathroom and then perpetrated an act, detailed by her, that unquestionably constituted a violation of section 288, *supra*. Upon the hearing of sounds indicating the return of his wife, defendant went back into the kitchen. The visitor departed and shortly thereafter the mother of prosecutrix came to defendant's home, visited with defendant's wife for a short period and then left acompanied by the prosecutrix. On cross-examination the prosecutrix testified that defendant's wife and the visitor were out of the kitchen "maybe 15 or 20 minutes," the former returning once during this period to the kitchen. It was after the initial departure of defendant's wife from and prior to her temporary return to the kitchen that the offense occurred, the prosecutrix not being able to accurately gauge this exact period of time.

We find nothing inherently improbable or wholly untrustworthy in the child's attempted description of the position of the parties during the act, or in her recollection of the situation of the bathroom or its contents. Nor can it be said that the child's description at the preliminary examination, read into the record by defense counsel, served in any way to impeach her. We find nothing of a prejudicial nature in the trial court's handling and disposition of this particular matter. Moreover, it appears that later in the trial defense counsel was permitted to examine the witness fully, at which time the subject was completely covered. A child as young as the prosecutrix experiencing such an ordeal may not reasonably be expected to give a detailed and wholly unvarying

description of the entire transaction and of the circumstances surrounding its occurrence. We find nothing in the record indicating wilful and deliberate falsification by the prosecutrix or suggesting that her story was fabricated or the product of a childish imagination. A cautionary instruction was given at the request of defendant.

We find in her mother's testimony much that is corroborative of the prosecutrix. Relative to count two, the mother testified that she had permitted the prosecutrix to go to the defendant's home on March 13, 1941, between 1:00 and 1:30 p.m.; that the child was visiting there for "30 or 40 minutes" before she (the mother) came to defendant's home; and that following a group visit she and defendant's wife were in the living room, away from prosecutrix and the defendant, for approximately "15 or 20 minutes." Thus it would appear that there was ample time for commission of the offense either before or after the arrival of the mother of prosecutrix.

The testimony of defendant and his wife to the effect that prosecutrix did not arrive at their home until "evening, just after dark" and that she came *with* her mother, and that no other woman called during the stay of prosecutrix, does not render the story of the prosecutrix inherently improbable. The same is also true of defendant's positive denial that he had mistreated the child in any way. At best, such testimony created only a conflict with that of the prosecutrix and her mother, which conflict was resolved by the jury against defendant. It is significant that the testimony of defendant and his wife tends to corroborate the prosecutrix at least as to the latter's presence in their home on the day in question and as to her being alone with defendant a portion of the time.

There is no merit in defendant's contention that dismissal of the rape count, upon motion of the district attorney, operated to acquit him on count two charging violation of section 288, *supra,* based on the same act. The two offenses are separate and distinct and made up of different elements. The rape count was dismissed because the evidence failed to show penetration. The child's testimony was uncertain on the point, and the medical testimony showed a lack of penetration. It does not follow, however, that defendant's conduct with the prosecutrix at the time was not of a lewd and lascivious character within the meaning of section 288, *supra.* The contention is answered by section 954 of the Penal Code, which provides that where, as here, a defendant is charged

with two or more different offenses connected together in their commission, "A verdict of acquittal of one or more counts shall not be deemed or held to be an acquittal of any other count." See, also, *People* v. *Amick,* 20 Cal. (2d) 247 [125 P. (2d) 25]; *People* v. *Stangler,* 18 Cal. (2d) 688, 695-696 [117 P. (2d) 321].

Defendant next singles out two instructions and urges that they are inconsistent and prejudicial. When read as a whole the charge to the jury was neither misleading nor improper. One of the instructions complained of charged the jury in the language of section 288, *supra,* as to the intent with which the act must have been committed, while the other instruction charged the jury in the language of subdivision 1 of section 7 of the Penal Code as to the wilfulness with which the act must have been done. These instructions are not mutually exclusive but must be read together and along with other portions of the charge to the jury. (*People* v. *Gibson,* 107 Cal. App. 76, 82 [289 Pac. 937].) When so read, they fully and fairly advised the jury as to the necessity for proof of both the intention and wilfulness required by section 288, *supra,* and we find no inconsistency between them.

Nor do we perceive wherein any prejudice could have resulted from the giving of the instruction relative to the time of the commission of the offense. The instruction was the usual instruction with regard to the statute of limitations. The information and the evidence are clear as to the specific time and place of the commission of the offense, and there was no defense of alibi as in the cases cited by defendant. Under the circumstances, the instruction could not have misled the jury. We find no other rulings or instructions that require discussion.

The judgment and order appealed from are affirmed.

Appellant's petition for a rehearing was denied July 6, 1942. Carter, J., voted for a rehearing.