[Crim. No. 4107.   Second Dist., Div. Two.   May 12, 1947.]

## THE PEOPLE, Respondent, v. HAROLD R. DURFEE, Appellant.

William E. Turner and Stanley L. Avery for Appellant.

Fred N. Howser, Attorney General, and Frank Richards, Deputy Attorney General, for Respondent.

MOORE, P. J.—Having been accused by information of ten offenses defined by section 288 of the Penal Code‡ and

‡Any person who shall wilfully and lewdly commit any lewd or lascivious act including any of the acts constituting other crimes provided for in part one of this code upon or with the body, or any part or member thereof, of a child under the age of fourteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child, shall be guilty of a felony and shall be imprisoned in the State prison for a term of from one year to life.

convicted by a jury, defendant's motion for a new trial was denied. He appealed on the ground that the evidence does not support the verdict in that the corpus delicti was not established.

The first five counts of the pleading charge crimes against Sue; the second five counts allege crimes against Jane. They are sisters, ages eight and ten years respectively. Their mother had married appellant February 23, 1945. He was 41 years of age, an instructor of chemistry and physics in a high school and sometime notary public and insurance and realty broker. For obvious good reasons the sordid details related by the two children are omitted from this discussion. Suffice it to say that in support of counts I, II, III, IV and V, Sue testified before the court to the details of appellant's lascivious acts. As to counts VI, VII, IX and X, Jane likewise testified fully as to appellant's misconduct and treatment of her. However, it cannot be said that her testimony with reference to count VIII establishes an act different from those pleaded in counts IV and V.

Such testimony from two girls of tender ages and without experience is abundant proof to support the implied finding of the jury. They are not expected to give a detailed description of each transaction and of all the circumstances. (*People* v. *Kearney,* 20 Cal.2d 435, 437 [126 P.2d 612].) They did not keep diaries or report each incident to an elder, or make a mark of the dates of the crimes. They were fearful of appellant who threatened to beat them if they reported his behavior. ·

But their voices did not bring the only proof of the offenses. When appellant was called upon to make a statement in answer to the charges about to be filed, he confessed his sin to Deputy District Attorney Ernest Roll. At first he denied all. On hearing Sue repeat her story he had ''no comment.'' On hearing Jane tell hers, he had ''no comment.'' But after a ten-minute recess he made a free and voluntary confession that all the two girls had said was true. He then categorically confirmed each of their statements of the crimes. What he said was freely and voluntarily stated, without immunity or hope of reward, nor was it induced by force or threats of force. Pursuant to his request Mrs. Durfee entered the room. He told her that he had confessed the truth of all that the girls had reported; that he had been ashamed of it. Later he told Deputy District Attorney

Tobey that he had been so afflicted the greater part of his lifetime and that it had been the bane of his existence.

■ There is nothing lacking to establish the corpus delicti. It may consist in the testimony of eyewitnesses or of circumstantial evidence. (*People* v. *Watters,* 202 Cal. 154, 157 [259 P. 442].) Inasmuch as appellant pleaded no alibi, the clear proof that the offenses alleged were committed at the times and places specified warranted all the verdicts of conviction except as to count VIII. A verdict cannot be reversed unless upon no hypothesis whatever is there sufficient substantial evidence of the guilt of the accused. (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].) ■ The testimony of young children concerning a series of events cannot be as perfect as a phonographic record thereof. It would practically close the doors against the prosecution of many of such wrongs if girls of tender years were required to give detailed and unvarying description of each transaction and its circumstances. (*People* v. *Kearney,* 20 Cal.2d 435, 437 [126 P.2d 612].)

The argument of appellant that his wife caused his prosecution in order to get rid of him was discredited by the jury, as was his testimony that she had been guilty of criminal acts. In view of his confession, which was found to be true, the jury and the trial court were justified in determining that his charges against his wife were false. The reviewing court cannot retry the case or determine the credibility of witnesses. (*People* v. *Barnett,* 77 Cal.App.2d 299, 302 [175 P.2d 237].) Moreover, the court's denial of a new trial is significant. Had the judge believed appellant's story of the wrongs committed against him by his wife as described by his testimony, presumptively a new trial would have been granted. (*People* v. *Ohman,* 67 Cal.App.2d 467, 476 [154 P.2d 463].)

■ The court was without error in admitting evidence of the confession prior to proof of the corpus delicti. The order of proof in a criminal trial is a matter within the discretion of the trial court, and its rulings will not be disturbed unless it be clearly shown that its discretion was abused. (*People* v. *Watters, supra; People* v. *Seymour,* 54 Cal.App. 2d 266, 275 [128 P.2d 726].)

The judgment and the order denying a new trial are affirmed except as to count VIII as to which they are reversed.

McComb, J., and Wilson, J., concurred.