[Crim. No. 4778. In Bank. June 24, 1947.]

THE PEOPLE, Respondent, v. ALFONSO CODINA, Appellant.

Richard C. Dinkelspiel, Alan A. Dougherty and Douglas M. Moore for Appellant.

Robert W. Kenny, Fred N. Howser, Attorneys General, and Clarence A. Linn, Assistant Attorney General, for Respondent.

SPENCE, J.—Defendant was tried by a jury upon an information charging him in separate counts with (1) lewd and lascivious conduct in violation of section 288 of the Penal Code, a felony, and (2) contributing to the delinquency of a minor in violation of section 702 of the Welfare and Institutions Code, a misdemeanor. The alleged victim was a six-year-old girl. Defendant was acquitted on the first count and convicted on the second. He has appealed from the judgment and the order denying his motion for a new trial.

As grounds for reversal defendant argues the following points: (1) the deficiency in the pleading of count two to sustain a conviction; (2) the inconsistency of the verdict since both counts were based on the same act or occurrence, so that an acquittal on one would preclude a finding of guilt on the other; (3) the insufficiency of the evidence to support the verdict on count two; and (4) prejudicial remarks of the prosecuting attorney in his closing argument to the jury. An examination of the record in the light of applicable rules of law compels the conclusion that defendant's arguments are without merit, and that the judgment of conviction should be affirmed.

Taking up defendant's several points in their order of presentation, the first to be considered is his challenge of the sufficiency of the pleading of count two, on which he stands convicted. That count charges a violation of section 702 of the Welfare and Institution Code, "contributing to delinquency of minor." It alleges that defendant committed a lewd and lascivious act upon the person of the minor child involved but, as defendant notes, it does not allege that such act "caused or tended to cause or encourage" said minor child "to become a person of the character described in section 700 of [said] code." Defendant claims that such omission of recital as to "the tendency of" his alleged act renders count two fatally defective in the statement of "a public offense" under the "Juvenile Court Law." (*People* v. *Salisbury,* 59 Cal.App. 299, 300 [210 P. 642] ; *People* v. *Lamanuzzi,* 77 Cal.App. 301, 303 [246 P. 557].) But these cited cases were decided before the amendments of 1927 and 1929 liberalizing the rules of pleading in criminal prosecutions. As

amended in 1929, and as it now reads, section 952 of the Penal Code expressly provides that "[I]n charging an offense . . . it [the statement] may be in the words of the enactment describing the offense or declaring the matter to be a public offense, or *in any words sufficient to give the accused notice of the offense of which he is accused.*" (Emphasis added.)

According to section 702 of the Welfare and Institutions Code, a person who commits "any act . . . which . . . causes or tends to cause or encourage any person under the age of twenty-one years to come within the provisions of any of the subdivisions of section 700 [of said code] or which . . . contributes thereto . . . is guilty of a misdemeanor. . . ." Within the purview of said section 700 would be a minor "who is leading, or from any cause is in danger of leading, an idle, dissolute, lewd, or immoral life." (Welf. & Inst. Code, § 700, subd. (k).) It is obvious that the commission of "a lewd and lascivious act upon and with the body" of a minor person would tend to cause such minor to be a "lewd" person. Such conduct by its very nature would inevitably contribute to the delinquency of a minor and therefore would necessarily constitute a public offense under the provisions of said section 702. "The purpose of an indictment or information is to inform the accused of the charge which he must meet at the trial." (*People* v. *Yant,* 26 Cal.App.2d 725, 730 [80 P.2d 506]; *People* v. *Brac,* 73 Cal.App.2d 629, 634-635 [167 P.2d 535].) "No . . . information . . . is insufficient . . . by reason of any defect or imperfection in matter of form" so long as no "substantial right of the defendant" is prejudiced "upon the merits" of the case. (Pen. Code, § 960; *People* v. *Gordon,* 71 Cal.App.2d 606, 611 [163 P.2d 110].) In line with these observations, the pleading of count two of the information here in question is not open to challenge. Its recital of defendant's commission of "a lewd and lascivious act" as the premise of the charge of his violation of said section 702 was "in . . . words sufficient to give" him "notice of the offense of which he [was] accused," contributing to the delinquency of a minor. Its failure to add in explicit language the "obvious" effect of the alleged conduct upon the minor person involved would not affect its sufficiency as determined by the prevailing rules of criminal pleading. (*People* v. *Pierce,* 14 Cal.2d 639, 644-646 [96 P.2d 784]; see, also, *People* v. *Beesly,* 119 Cal.App. 82, 84-85 [6 P.2d 114, 970]; *People* v.

*Gilbert,* 26 Cal.App.2d 1, 7-8 [78 P.2d 770] ; *People* v. *Curtis,* 36 Cal.App.2d 306, 317 [98 P.2d 228] ; *People* v. *Price,* 46 Cal.App.2d 59, 60-61 [115 P.2d 225].)

Moreover, even if count two of the information were regarded as deficient because of its failure to charge the "tendency" of defendant's commission of the lewd and lascivious act upon the minor child involved, an examination of the record discloses that such omission affected the trial not at all; in fact, the trial proceeded as if the allegation were there. Its absence was not noticed by defendant. He did not even demur to the information; if he had made such objection, his cause of complaint would have been at once removed, but without his thereby gaining any apparent advantage. At the conclusion of the trial, the judge properly instructed the jury as to all of the elements necessary to be proven before a conviction of the violation of section 702 of the Welfare and Institutions Code could be had. Thus, the jury was told that if they believed "from all the evidence, beyond a reasonable doubt," that defendant committed the alleged lewd and lascivious act upon the minor child, "thereby tending to cause and contribute to" said minor child "becoming and remaining such a person as described in Section 700 of the Welfare and Institutions Code, to wit, a person under the age of twenty-one years who is leading or from any cause is in danger of leading an idle, dissolute or immoral life, then [they] should find the defendant guilty of the second count in the information." The situation is comparable in its fundamental aspects to that prevailing in *People* v. *Rankin,* 10 Cal.2d 198 [74 P.2d 71], where, in the light of "section 4½ of article VI of the Constitution," it was said at page 202 that "the assumed defect is insufficient to warrant a reversal of the judgment."

Nor is defendant's second point sound in the claim that the verdict of guilty on count two is a nullity in view of his acquittal on count one. The information here is framed on the theory that the same "lewd and lascivious act" violates the provisions of two statutes. (Pen. Code, § 288; Welf. & Inst. Code, § 702.) As amended in 1927, and as it now reads, section 954 of the Penal Code provides: "An . . . information . . . may charge . . . different statements of the same offense . . . under separate counts. . . . *A verdict of acquittal of one or more counts shall not be deemed or held to be an acquittal of any other count."* (Emphasis added.)

Thus, it plainly appears that each count must stand upon its own merit and be weighed separately in its disposition. Recent cases of this court so recognizing the clear intent and conclusive force of the italicized language of the statute are *People* v: *Stangler*, 18 Cal.2d 688, 696 [117 P.2d 321]; *People* v. *Amick*, 20 Cal.2d 247, 250-252 [125 P.2d 25]; and *Rodriguez* v. *Superior Court*, 27 Cal.2d 500, 502 [165 P.2d 1]; and further discussion of this matter is unnecessary here other than to note that defendant has had the advantage of the jury's leniency in the disposal of the two charges—one punishable as a felony, the other as a misdemeanor. (See *People* v. *Lopez*, 46 Cal.App.2d 857, 858-859 [117 P.2d 10].)

Likewise untenable is defendant's third point in challenge of the sufficiency of the evidence to sustain the verdict of guilt on count two. The record reveals this to be a case of conflicting testimony on the point of defendant's guilt in the light of his "alibi" defense, and it would serve no useful purpose to detail the evidence here. Suffice it to say that there is nothing "inherently improbable" in the child's story; that the mother's account is largely corroborative thereof, particularly with respect to the time element; and that minor discrepancies and uncertainties in the testimony of the child do not serve to destroy her credibility as a witness nor render her recital unbelievable or untrustworthy. (*People* v. *Kearney*, 20 Cal.2d 435, 436 [126 P.2d 612].) In such circumstances this court, under well-settled rules of law, will not disturb the jury's finding as a determination of fact upon its conviction of defendant on count two. (*People* v. *Murieta*, 1 Cal.App.2d 727, 728 [37 P.2d 158]; *People* v. *Spillard*, 15 Cal.App.2d 649, 652-653 [59 P.2d 887].)

As his final point, defendant urges that the prosecuting attorney in his closing argument "misstated the evidence in several particulars" and made various "remarks" upon defendant's guilt, all of which constituted prejudicial error. The record refutes this contention. It is true that the prosecuting attorney, in summarizing the evidence and the factors for the jury's consideration, referred to (1) the chief alibi witnesses of the defense as "employees of the defendant" wanting "to come to their employer's relief" and (2) the measure of the character testimony with regard to whether or not it pertains to the "traits involved" in the charge against defendant. But such points of argument were legitimate observations in conformity with the scope of the record

and the prosecution's position as to the efficacy of the defense. Certainly neither those references nor other comment of the prosecuting attorney, cited by defendant as "improper remarks" because they do not coincide with his view of the evidence, amounted to a "distortion of the testimony" to the confusion of the jury in determining the substantial rights of defendant. ▆ Moreover, defendant made no attempt to correct these alleged improprieties at the trial; and it is the general rule that any objectionable remarks or argument of the prosecuting attorney must be opposed at the time they are made, and the court requested to admonish the jury concerning them, before they can be made a ground for appeal. (24 Cal.Jur. 746, § 29.) The well-recognized exception to this rule as discussed in *People* v. *Podwys,* 6 Cal.App.2d 71, 75-76 [44 P.2d 377], is of no avail to defendant in the light of the wholly distinguishable record.

The judgment and order denying a new trial are affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.