**Application of Robert MACON, No. 60898 for Writ of Habeas Corpus.**

**No. A–12723.**

Criminal Court of Appeals of Oklahoma.

Feb. 11, 1959.

Robert Macon, petitioner pro se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for respondent, H. C. McLeod, Warden, Oklahoma State Penitentiary, McAlester.

POWELL, Presiding Judge.

Robert Macon, petitioner, has applied to this court for a writ of habeas corpus seeking release from the Oklahoma State Penitentiary at McAlester, where he is serving

a sentence by reason of a judgment entered in the district court of Tulsa County on or about May 13, 1958, according to petitioner, finding defendant guilty of a charge of first degree manslaughter, and sentencing him in accordance with verdict of a jury to serve fifty years.

As grounds for release petitioner alleges, first, that he was convicted for an offense "for which there was no corpus delicti as charged in the information; and, second, "By the knowing and wilful and intentional use of perjured testimony which deprived petitioner of a fair and impartial trial."

It should be kept in mind that "corpus delicti" does not mean body of the deceased, but rather the body, the substance, the essential elements of the crime. People v. Watters, 202 Cal. 154, 259 P. 442. As applied to any particular offense, the term means the actual commission by some one of the particular offense charged. Hilyard v. State, 90 Okl.Cr. 435, 214 P.2d 953, 28 A.L.R.2d 961.

The corpus delicti must be established as an independent fact beyond a reasonable doubt, but it is not necessary that it should be proven by direct and positive proof. It may be proven by circumstantial evidence, if from all of the circumstances the jury is satisfied of the defendant's guilt beyond a reasonable doubt. Frye v. State, 25 Okl.Cr. 273, 219 P. 722, Crossett v. State, 96 Okl.Cr. 209, 252 P.2d 150; Hildebrandt v. State, 19 Okl. Cr. 30, 197 P. 852; Ramey v. State, 69 Okl. Cr. 257, 101 P.2d 856.

The petition does not state facts entitling petitioner to the writ, and this being so patent, we have not directed the warden to respond.

The question of proof of the corpus delicti and the question of perjury of any particular witness (and no witness was named in the petition whose testimony constituted the perjury alleged), would require a record of the testimony at trial. The time for appeal from the conviction has long since expired. Petitioner should have required his counsel to file a motion for new trial, and if the same was overruled, then an appeal could have been perfected to this court.

As we said in In re Riddle, Okl. Cr., 292 P.2d 1043:

"Writ of habeas corpus cannot be invoked for the purpose of reviewing acts of courts of record, when they act within their jurisdiction, nor can it be invoked for the purpose of correcting irregularities or errors, or as substitute for an appeal."

Writ denied.

NIX and BRETT, JJ., concur.