William B. BRYANT, Pro se, Petitioner,

v.

The STATE of Oklahoma, and Ray Page, Warden, Oklahoma State Penitentiary, Respondents.

No. A-13460.

Court of Criminal Appeals of Oklahoma.

May 6, 1964.

William B. Bryant, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

NIX, Judge.

This is an application for a writ of habeas corpus filed by William B. Bryant, seeking his release from the penitentiary alleging that he is unlawfully confined.

██ Petitioner alleges that he should have been charged with Petty Larceny instead of Grand Larceny, as the *wholesale* value of the items taken were not sufficient to support the charge of Grand Larceny. This Court held in the case of In re Macon, Okl.Cr., 335 P.2d 651; and Shelton v. State, Okl.Cr., 381 P.2d 324:

> "Writ of habeas corpus cannot be invoked for the purpose of reviewing acts of courts of record, when they act within their jurisdiction, nor can it be invoked for the purpose of correcting irregularities or errors, or as substitute for an appeal."

And further, in the case of Lindsey v. State, Okl.Cr., 374 P.2d 628:

> "Writ of Habeas Corpus may not be used either before or after conviction to test sufficiency of an Indictment or Information."

██ Defendant further complains that he entered his plea of guilty without aid of counsel. This question has been settled in the recent case of Huggins v. State, Okl.Cr., 388 P.2d 341, in which it was said:

> "Where the record affirmatively shows that an accused knew and understood his right to counsel and competently and intelligently waived this right and entered a plea of guilty, with full knowledge of the consequences of such plea, the requirements of the Fourteenth Amendment of the Constitution of the United States making obligatory the provisions of the Sixth Amendment of the Constitution of the United States upon the states have been fully complied with an application for Habeas Corpus will be Denied."

In this case, the minute and the records furnished this Court show the defendant was substantially advised of his rights. The application for Writ of Habeas Corpus is accordingly denied.

JOHNSON, P. J., and BUSSEY, J., concur.